# UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

Joel Wallace,
    Petitioner

vs.                                                         Case No. 1:05cv438
                                                             (Watson, J.; Hogan, M.J.)

Rob Jeffreys,
    Respondent

## REPORT AND RECOMMENDATION

      Petitioner, an inmate in state custody at the North Central Correctional Institution in Marion, Ohio, has filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1). This matter is before the Court for ruling on respondent's motion to dismiss (Doc. 3), which is opposed by petitioner (Doc. 4).

      In the motion to dismiss (Doc. 3), respondent argues that the petition is barred from review by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d), as amended by § 101 of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214. Under 28 U.S.C. § 2244(d)(1), a person in custody pursuant to the judgment of a state court must file an application for writ of habeas corpus within one year from the latest of: (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (B) the date on which the impediment to filing an application created by state action in violation of the Constitution or laws of the United States is

removed, if the applicant was prevented from filing by such state action; (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence. Under 28 U.S.C. § 2244(d)(2), the running of the limitations period is tolled during the pendency of a properly filed application for state post-conviction relief or other collateral review.

The instant habeas corpus action stems from petitioner's March 26, 1997 conviction in the Hamilton County, Ohio, Court of Common Pleas upon his entry of guilty pleas to one count of aggravated burglary and one count of rape. (*See* Doc. 3, Exs. 2-3). Petitioner was adjudicated to be a sexual predator and was sentenced to consecutive terms of imprisonment of five (5) years for the aggravated burglary offense and nine (9) years for the rape offense. (*See id.*, Exs. 3-4).

Petitioner avers that "after having been fully advised by the trial court of his right to appeal and to his right to have counsel appointed to perfect the appeal if he was unable to hire counsel, [he] stated to the court that he did want to appeal his conviction, and that because of his indigency he would request that the court appoint counsel to perfect his appeal." (Doc. 4, p. 4; *see also* Doc. 1, Appendix, Ex. 3, Tr. 8-9). Petitioner further avers that in response, the "court stated for the record that counsel would be appointed to perfect an appeal of [petitioner's] conviction and sexual predator classification." (*Id.*). However, it is clear from the record that no appeal as of right was filed on petitioner's behalf, and indeed no action was taken to challenge petitioner's conviction, sentence or sexual predator classification until October 5, 1998, when petitioner filed a pro se motion for leave to file a delayed appeal with the Ohio Court of Appeals, First Appellate District. (*See* Doc. 3, Ex. 5). The motion was overruled on November 30, 1998. (*Id.,* Ex. 6). Respondent states that petitioner did not pursue an appeal from this decision to the Ohio Supreme Court. (*Id.,* Brief, p. 2).

Well over five years later, on February 24, 2004, petitioner filed a second pro se motion for leave to appeal to the Ohio Court of Appeals, First Appellate District. (*Id.,* Ex. 7). On April 2, 2004, the Ohio Court of Appeals overruled that motion. (*Id.,* Ex. 8). Again, petitioner apparently did not seek to appeal the appellate court's decision to the Ohio Supreme Court. (*See id.,* Brief, p. 2).

On April 30, 2004, petitioner next filed a petition for post-conviction relief in the Hamilton County Common Pleas Court, claiming that he was denied effective assistance of counsel based on his attorney's failure to perfect an appeal on his behalf and that he was denied his right of appeal because the trial court failed to "process order for appointment of counsel" for appeal purposes. (*Id.,* Ex. 9). As of August 19, 2005, when respondent filed his motion to dismiss with this Court, the trial court had not issued any ruling on petitioner's post-conviction petition. (*See id.,* Brief, p. 2).

Finally, on April 12, 2005, petitioner filed a petition for writ of habeas corpus with the Ohio Supreme Court, in which he alleged he was "denied his Federal and State's Constitutional right to appellate counsel to perfect an appeal as of right following his conviction and sentence." (*Id.,* Ex. 10). The Ohio Supreme Court sua sponte dismissed the petition without opinion on May 25, 2005. (*Id.,* Ex. 11).

In June 2005, petitioner initiated the instant federal habeas corpus action. The petition, signed by petitioner on June 14, 2005, was stamped as "filed" on June 24, 2005. (Doc. 1). Under *Houston v. Lack,* 487 U.S. 266 (1988), the filing date of a federal habeas corpus petition submitted by a pro se prisoner is the date on which the prisoner provides his papers to prison authorities for mailing. *See, e.g., Jones v. Bertrand,* 171 F.3d 499, 502 (7th Cir. 1999); *Nichols v. Bowersox,* 172 F.3d 1068, 1077 (8th Cir. 1999); *Spotville v. Cain,* 149 F.3d 374, 376-77 (5th Cir. 1998); *Burns v. Morton,* 134 F.3d 109, 112-13 (3rd Cir. 1998); s*ee also In re Sims,* 111 F.3d 45, 47 (6th Cir. 1997). In this case, the record does not reflect the actual date petitioner provided his petition to prison authorities for mailing. Therefore, absent evidence to the contrary, the Court assumes the petition was delivered to prison authorities and thus "filed" on June 14, 2005, the date petitioner signed it. *Cf. Burnett v. Birkett,* No. 00-10144-BC, 2002 WL 31748843, at *3 (E.D. Mich. Nov. 26, 2002) (unpublished) (citing *Hudson v. Martin,* 68 F.Supp.2d 798, 799 n.2 (E.D. Mich. 1999), *aff'd,* 8 Fed. Appx. 352 (6th Cir. Mar. 22, 2001)).

In the petition, petitioner alleges as the sole ground for relief the "actual or constructive denial of appellate counsel to perfect an appeal as of right following [his] felony conviction." (Doc. 1, p. 5). This claim, is governed by the one-year statute of limitations provision set forth in 28 U.S.C. § 2244(d)(1)(D), which provides that the statute does not begin to run until the factual predicate of the claim could have been discovered through the exercise of due diligence.

It appears from the record that petitioner did not pursue a timely appeal from his conviction because he assumed based on certain representations made to him that either his trial attorney or counsel appointed by the court would perfect an appeal on his behalf. Although it is unclear when petitioner actually discovered that no attorney had been appointed to represent him on appeal and that no appeal as of right had been perfected on his behalf, it is clear that petitioner was aware of the facts underlying his claim when he filed his first motion for delayed appeal on October 5, 1998. (*See* Doc. 3, Ex. 5). At the very latest, petitioner reasonably should have discovered the factual basis for his claim that he was denied his constitutional right of appeal when the Ohio Court of Appeals overruled his first motion for delayed appeal on November 30, 1998. (*See id.,* Ex. 6). As respondent has recognized (*see* Doc. 3, Brief, p. 5), although triggered at the latest on November 30, 1998, the statute of limitations arguably was tolled under 28 U.S.C. § 2244(d)(2) until the 45-day period expired for filing a timely appeal to the Ohio Supreme Court from the Court of Appeals' November 30, 1998 order. *See* Rule II, § 2(A)(1)(a), Rules of Practice of the Supreme Court of Ohio. Therefore, when viewed in the light most favorable to petitioner, the statute commenced running on January 15, 1999, the day following the expiration of the 45-day appeal period. *See* Fed. R. Civ. P. 6(a); *Bronaugh v. Ohio,* 235 F.3d 280, 285 (6th Cir. 2000). The statute expired one year later on January 15, 2000 absent the application of the tolling provision set forth in 28 U.S.C. § 2244(d)(2) or any other applicable tolling principles.[1]

---

[1]In this case, petitioner filed a second motion for delayed appeal with the Ohio Court of Appeals on February 24, 2004. (*See* Doc. 3, Ex. 7). Although arguably considered part of the direct review process, this motion, which was denied, did not cause the statute of limitations to begin running anew under 28 U.S.C. § 2244(d)(1)(A), but rather only could serve to toll its running. *See Searcy v. Carter,* 246 F.3d 515, 518-19 (6th Cir.), *cert. denied,* 534 U.S. 905 (2001) (involving motion for delayed appeal); *Bronaugh,* 235 F.3d at 285-88 (involving application for delayed reopening of appeal); *see also Davis v. Brigano,* 34 Fed.Appx. 155, 158 (6th Cir. Feb. 7, 2002) (not published in Federal Reporter); *Banks v. Ohio,* 238 F.Supp.2d 955, 958 (S.D. Ohio 2002); *but cf. Lambert v. Warden, Ross Correctional,* 81 Fed.Appx. 1, 8-10 (6th Cir. Sep. 2, 2003) (not published in Federal Reporter) (disregarding *Bronaugh* and holding that under an erroneous, but binding, prior Sixth Circuit published decision addressing the separate issue of waiver, *White v. Schotten,* 201 F.3d 743, 752-53 (6th Cir.), *cert. denied,* 531 U.S. 940 (2000), the statute of limitations "begins to run anew at the conclusion of the 26(B) process" on delayed applications for reopening); *Smith v. Ohio Dep't of Rehabilitation & Correction,* 331 F.Supp.2d 605, 616-17 (N.D. Ohio 2004) (noting that the answer to the question of whether an untimely-filed application for reopening under Ohio R. App. P. 26(B) delays the start of the running of the statute of limitations under § 2244(d)(1)(A), or merely tolls its running under § 2244(d)(2), "is in

During the one-year limitations period, petitioner was entitled to the benefits of the tolling provision set forth in 28 U.S.C. § 2244(d)(2) based on any pending "properly filed" applications for state post-conviction relief or other collateral review. *See* 28 U.S.C. § 2244(d)(2); *Bennett v. Artuz,* 199 F.3d 116, 119 (2nd Cir. 1999), *aff'd,* 531 U.S. 4 (2000); *Gaskins v. Duval,* 183 F.3d 8, 10 (1st Cir. 1999); *Fields v. Johnson,* 159 F.3d 914, 916 (5th Cir. 1998) (per curiam); *Gendron v. United States,* 154 F.3d 672, 675 & n.3 (7th Cir. 1998) (per curiam), *cert. denied,* 526 U.S. 1113 (1999); *Hoggro v. Boone,* 150 F.3d 1223, 1226 (10th Cir. 1998); *Lovasz v. Vaughn*, 134 F.3d 146, 148-49 (3rd Cir. 1998); *cf. Morris v. Bell,* 124 F.3d 198 (table), No. 96-5510, 1997 WL 560055, at *3 (6th Cir. Sept. 5, 1997) (unpublished), *cert. denied,* 522 U.S. 1149 (1998). The tolling provision, however, does not "'revive' the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully expired." *Rashid v. Khulmann,* 991 F. Supp. 254, 259 (S.D.N.Y. 1998); *see also Smith v. McGinnis,* 208 F.3d 13, 16-17 (2nd Cir.) (and cases cited therein), *cert. denied,* 531 U.S. 840 (2000); *Sorce v. Artuz,* 73 F.Supp.2d 292, 294 (E.D.N.Y. 1999) (and cases cited therein); *Blasi v. Attorney General of Pennsylvania,* 30 F.Supp.2d 481, 485 (M.D. Pa. 1998). Once the limitations period is expired, state collateral review proceedings can no longer serve to avoid the statute of limitations bar. *Rashid,* 991 F. Supp. at 259; *cf. Cox v. Angelone,* 997 F. Supp. 740, 743-44 (E.D. Va. 1998); *Healy v. DiPaolo,* 981 F. Supp. 705, 706-07 (D. Mass. 1997).

In this case, petitioner did nothing within the one-year limitations period beginning January 15, 1999 to challenge his conviction or the Ohio Court of Appeals' refusal to grant him an appeal. Indeed, he took no action until February 24, 2004, over four years after the limitations period had ended, when he filed his second motion for delayed appeal with the Ohio Court of Appeals. Because the statute of limitations had long since run its course by then, neither petitioner's second motion for delayed appeal nor his subsequently-filed state post-conviction and collateral review petitions served to trigger the application of the tolling provision set forth in § 2244(d)(2) to the case at hand.

The statute of limitations may be equitably tolled in limited circumstances. *Dunlap v. United States,* 250 F.3d 1001, 1008 (6th Cir.), *cert. denied*, 534 U.S. 1057

---

a state of flux").

(2001); *Andrews v. Orr,* 851 F.2d 146, 151 (6th Cir. 1988). In determining whether the statute of limitations should be equitably tolled, the court must consider the following factors:

> (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) the petitioner's diligence in pursuing his rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

*Dunlap,* 250 F.3d at 1008 (citing *Andrews,* 851 F.2d at 151). The absence of prejudice to respondent is not an independent basis for invoking the doctrine of equitable tolling. *Dunlap,* 250 F.3d at 1009; *Andrews,* 851 F.2d at 151(citing *Baldwin County Welcome Center v. Brown,* 466 U.S. 147, 152 (1984)). The absence of prejudice may only be considered when other factors of the test are met. *Id.*

In his memorandum in opposition to the motion to dismiss, petitioner has not made any attempt to apply the five *Dunlap* factors to show he is entitled to equitable tolling in this case. Even assuming that petitioner may have lacked actual or constructive knowledge of the one-year filing requirement for federal habeas petitions, it is well-settled that "ignorance of the law alone is not sufficient to warrant equitable tolling." *Allen v. Yukins,* 366 F.3d 396, 403 (6th Cir.), *cert. denied,* 125 S.Ct. 200 (2004) (quoting *Rose v. Dole,* 945 F.2d 1331, 1335 (6th Cir. 1991)). In any event, it would have been unreasonable for petitioner to remain ignorant of the filing requirement, which has been in effect since April 1996, until June 2005 when he filed the instant petition. Moreover, petitioner has failed to demonstrate that he acted with due diligence in pursuing his state and federal remedies. Therefore, equitable tolling under *Dunlap* is inappropriate in this case.

Accordingly, in sum, the Court concludes that the AEDPA one-year statute of limitations governing petitioner's sole claim for federal habeas corpus relief commenced running at the very latest on January 15, 1999 and expired one year later on January 15, 2000. Neither petitioner's subsequently-filed state-court motions for delayed appeal and for post-conviction and habeas corpus relief nor equitable tolling principles apply to toll the running of the statute of limitations in this case. The instant petition "filed" at the earliest on June 15, 2005 was submitted nearly five and one-half years too late. It is, therefore, RECOMMENDED that respondent's motion

to dismiss (Doc. 3) be GRANTED and that the instant petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 (Doc. 1) be DISMISSED with prejudice as time-barred.

**IT IS THEREFORE RECOMMENDED THAT:**

1. Respondent's motion to dismiss (Doc. 3) be GRANTED and that petitioner's petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 (Doc. 1) be DISMISSED with prejudice as time-barred under 28 U.S.C. § 2244(d).

2. A certificate of appealability should not issue with respect to any Order adopting this Report and Recommendation to dismiss the petition with prejudice on procedural statute of limitations grounds, because under the first prong of the applicable two-part standard enunciated in *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000), "jurists of reason" would not find it debatable whether this Court is correct in its procedural ruling.[2]

3. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation to dismiss the petition with prejudice would not be taken in "good faith" and, therefore, DENY petitioner leave to proceed on appeal *in forma pauperis* upon a showing of financial necessity.  *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).

Date:  9/28/2005                               s/Timothy S. Hogan
       cbc                                     Timothy S. Hogan
                                               United States Magistrate Judge

J:\BRYANCC\2005 habeas orders\05-438mtd-sol.grant-appclaim.wpd

---

[2] Because this Court finds that the first prong of the two-part *Slack* standard has not been met in this case, it need not address the second prong of *Slack* as to whether or not "jurists of reason" would find it debatable whether petitioner has stated a viable constitutional claim for relief in the petition.  *See Slack,* 529 U.S. at 484.

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

Joel Wallace,
    Petitioner,

        v.

Rob Jeffreys,
    Respondent.

Case No. 1:05cv438
(Watson, J.; Hogan, M.J.)

## NOTICE

Attached hereto is a Report and Recommendation issued by the Honorable Timothy S. Hogan, United States Magistrate Judge, in the above-entitled habeas corpus action. Pursuant to Fed. R. Civ. P. 72(b), which may be applied in this action under Rules 1 and 11 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, any party may object to the Magistrate Judge's Report and Recommendation within ten (10) days after being served with a copy thereof. Such party shall file with the Clerk of Court and serve on all other parties written objections to the Report and Recommendation, specifically identifying the portion(s) of the proposed findings, recommendations, or report objected to, together with a memorandum of law setting forth the basis for such objection(s). Any response by an opposing party to the written objections shall be filed within ten (10) days after the opposing party has been served with the objections. *See* Fed. R. Civ. P. 72(b). A party's failure to make objections in accordance with the procedure outlined above may result in a forfeiture of his rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Joel Wallace
346-497
North Central Corr. Inst.
PO Box 1812
Marion, OH 43301-1812

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____  ☐ Agent
                           ☐ Addressee

B. Received by (Printed Name)  C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:       ☐ No

3. Service Type
   ☒ Certified Mail    ☐ Express Mail
   ☐ Registered        ☐ Return Receipt for Merchandise
   ☐ Insured Mail      ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)  ☐ Yes

2. Article Number
   (Transfer from service label)   7001 2510 0008 6348 2856

PS Form 3811, August 2001    Domestic Return Receipt    102595-02-M-1540