IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Joel Wallace,

    Petitioner,

v.

                        Case No. 1:05cv438

Rob Jeffries,               District Judge Michael H. Watson

    Respondent.

## OPINION AND ORDER

Before the Court is the September 30, 2005 Report and Recommendation (hereinafter "Report I") issued by Magistrate Judge Hogan (Doc. 5). Petitioner Joel Wallace(hereinafter "Petitioner") filed Objections to the Report on October 14, 2005 (Doc. 6).

When objections are received to a magistrate judge's Report and Recommendation on a dispositive matter, the assigned district judge "shall make a de novo determination...of any portion of the magistrate judge's disposition to which specific written objection has been made...." Fed. R. Civ. P. 72(b). After review, the district judge "may accept, reject or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions." *Id; see also* 28 U.S.C. 636(b)(1)(B). General objections are insufficient to preserve any issues for review; "[a] general objection to the entirety of the magistrate's report has the same effects as would a failure to object." *Howard v. Secretary of Health and Human Services*, 932 F.2d 505, 509 (6th Cir. 1991).

The Report makes the following recommendations:

1. GRANT the August 19, 2005 Motion of Respondent Rob Jeffries (hereinafter "Respondent") to Dismiss (Doc. 3) and DISMISS with prejudice the June 24, 2005 Petition of Petitioner for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. §2254 (Doc. 1) as time-barred under 28 U.S.C. §2244(d);

2. A certificate of appealability should not issue with respect to any Order adopting this Report to dismiss the petitioner with prejudice on procedural statute of limitations grounds because, under the first prong of the applicable two-part standard enunciated in Slack v. McDaniel, 529 U.S. 473, 484-85 (2000), "jurists of reason" would not find it debatable whether this Court is correct in its procedural ruling; and

3. The Court certify, pursuant to 28 U.S.C. §1915(a)(3), that an appeal of any Order adopting this Report to dismiss the petitioner with prejudice would not be taken in "good faith" and therefore DENY Petitioner leave to proceed on appeal in forma pauperis upon a showing of financial necessity.

The Court, having reviewed and considered Petitioner's objections and applying the de novo standard of review required by Fed. R. Civ. P. 72(b), concludes Petitioner's objections fail to establish any legal basis for rejecting any portion of Magistrate Hogan's Report.

Accordingly, the September 30, 2005 Report and Recommendation (Doc. 24) is **ADOPTED** and the October 14, 2005 Objections of Petitioner (Doc. 6) are

**DENIED.** The August 19, 2005 Motion of Respondent Dismiss (Doc. 3) is **GRANTED** and the June 24, 2005 Petition of Petition for Writ of Habeas Corpus (Doc. 1) is **DMISSED WITH PREJUDICE.** Further, a certificate of appealability should not issue with respect to any Order adopting this Report to dismiss the petitioner with prejudice on procedural statute of limitations grounds. Finally, the Court certifies, pursuant to 28 U.S.C. §1915(a)(3), that an appeal of any Order adopting this Report to dismiss the petitioner with prejudice would not be taken in "good faith" and, therefore, leave to proceed on appeal by Petitioner *in forma pauperis* upon a showing of financial necessity should be denied.

    **IT IS SO ORDERED.**

                                                */s/ M. H. Watson*
                                       **MICHAEL H. WATSON, JUDGE**
                                       **UNITED STATES DISTRICT COURT**