# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

JOEL WALLACE,

        Petitioner,       :   Case No. 1:05-cv-438

- vs -                         District Judge Michael R. Barrett
                                        Magistrate Judge Michael R. Merz

WARDEN, North Central
Correctional Complex,

                                              :
        Respondent.

## DECISION AND ORDER

        This is a habeas corpus case, brought *pro se* by Petitioner Joel Wallace under 28 U.S.C. § 2254 to obtain relief from his convictions in 1997 in the Hamilton County Court of Common Pleas for burglary and rape (Petition, ECF No. 1, PageID 1). Wallace received consecutive sentences of five years for the burglary conviction and nine years for the rape, for a total of fourteen years. In addition he was found to be a sexual predator.

        The record shows Petitioner was indicted August 23, 1996, and was in custody from at least August 26, 1996 (Ex. to Petition, ECF No. 1, PageID 11). With credit for pre-trial confinement, a definite sentence of fourteen years would have expired in 2000 or earlier, so the Magistrate Judge assumes Wallace is no longer in custody on the underlying charges. He filed his Petition in 2005 and the case did not become moot when he was later released. *Maleng v. Cook*, 490 U.S. 488 (1989). However, classification under the Ohio sexual predator statute does not result in custody sufficient to permit testing by writ of habeas corpus. *Leslie v. Randle,* 296 F.3d

1

518 (6th Cir. 2002).

Magistrate Judge Timothy Hogan, to whom this case was originally referred, recommended that the Court grant Respondent's Motion to Dismiss the petition as untimely (ECF No. 5). Over Wallace's objection, Judge Watson adopted that Report and dismissed the case December 5, 2005 (ECF No. 7, 8). Wallace appealed but the Sixth Circuit denied a certificate of appealability, holding jurists of reason would not debate the correctness of Judge Watson's Order (ECF No. 15). This case essentially ended with that denial on September 1, 2006.

More than ten years later, Petitioner filed the three motions now before the Court: a "Request for Evidence Hearing and Out-Of-State Federal Investigation (ECF No. 17); a [Request for] Appeal Review (ECF No. 18); and a Motion for Appointment of Counsel (ECF No. 19), all filed by Petitioner between August 18 and August 21, 2017.

The Request for Evidence Hearing asserts there are white nationalists working in the Hamilton County Courthouse and preventing Wallace, who is Black, from obtaining his rights in court. Attached are several pages from a transcript dated July15, 2010, in that court pertaining to a remand for resentencing to impose, *nunc pro tunc,* the post-release control terms of sentence required by Ohio law. Wallace's counsel Attorney Tim Cutcher, recalled that Wallace had been told at the re-sentencing that he could appeal and had accepted appointment to represent Wallace in the appeal, but had "dropped the ball" and no appeal was taken. Neither Cutcher, the Common Pleas Court, nor Wallace's family had been able to find or reconstruct a transcript of the re-sentencing hearing. There is also attached a partial copy of the docket sheet from Wallace's Common Pleas case (PageID 178).

The Request for Appeal Review asks for this Court to prevent court misconduct from hiding, destroying, or falsifying court paperwork or allowing "American Nationalism" from

wrongfully, unlawfully, and violently taking Black lives. (ECF No. 18, PageID 179). Finally, Wallace asks that this case referred to the Volunteer Lawyers for the Poor.

Criminal defendants in the United States who are charged with a crime which carries any possible term of imprisonment are entitled to the effective assistance of an attorney. That right continues through trial and includes any appeal of right. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Ross v. Moffitt*, 417 U.S. 600 (1974). There is no constitutional right, however, to appointed counsel in habeas corpus cases. *McCleskey v. Zant*, 499 U.S. 467(1991). Under 18 U.S.C. § 3006A, the Court can appoint counsel, but is under no duty to do so in a closed case such as this one. If Wallace was somehow deprived of an attorney on appeal from his 2010 resentencing, that is a claim this Court could consider in habeas corpus but for the fact that Wallace has already had one habeas case litigating the constitutionality of his burglary and rape convictions which was dismissed years ago. The Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA") prohibits a person from filing a second or successive habeas petition dealing with the same conviction without prior permission from the Sixth Circuit Court of Appeals. If Wallace wishes to litigate a claim that he was deprived of effective assistance of appellate counsel on appeal from resentencing, he may apply to the Sixth Circuit for permission to file a second or successive habeas petition in this Court. Absent that permission, this Court has no jurisdiction to entertain that claim. *Burton v. Stewart*, 549 U.S. 147 (2007).

As to other requests from Petitioner, this Court has no authority to convene a federal investigation into the circumstances of his case. Wallace has not identified any particular persons whom he identifies as "white nationalists" who this Court could enjoin from interfering with his case.

Accordingly, all pending motions in this case are DENIED.

October 29, 2022

s/ *Michael R. Merz*  
United States Magistrate Judge